Filing # 123695546 E-Filed 03/24/2021 02:58:33 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

ALEXANDER BIRRIEL CONDE,　　　　　CASE NO.: 2021CA000806

　　　　Plaintiff,
vs.

HCSG EAST, LLC d/b/a HEALTHCARE
AND REHAB OF SANFORD, a Foreign
Limited Liability Company,

　　　　Defendant.
_____/

1:55pm
JK65
3/26/221

SUMMONS
PERSONAL SERVICE
ON A CORPORATION

TO:　HCSG EAST, LLC., d/b/a HEALTHCARE AND REHAB OF SANFORD
　　　CORPORATION SERVICE COMPANY – REGISTERED AGENT
　　　1201 HAYS STREET
　　　TALLAHASSEE, FL 32301

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

　　　　　　　　　　　　　　　Noah E. Storch, Esq.
　　　　　　　　　　　　　　　Florida Bar No. 0085476
　　　　　　　　　　　　　　　RICHARD CELLER LEGAL, P.A
　　　　　　　　　　　　　　　10368 W. State Rd.84, Suite 230
　　　　　　　　　　　　　　　Davie, FL 33324
　　　　　　　　　　　　　　　Telephone: (866) 344-9243
　　　　　　　　　　　　　　　Facsimile: (954) 337-2771

E-mail: noah@floridaovertimelawyer.com

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A
>10368 W. State Rd.84, Suite 230
>Davie, FL 33324
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com

**THE STATE OF FLORIDA:**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON ___March 25___, 2021.



**Grant Maloy**
CLERK OF THE CIRCUIT COURT
AND COMPTROLLER,
SEMINOLE COUNTY, FLORIDA

/s Deborah Conant     592021CA000806000XX
03/25/2021 11:50:16 AM
By: 22b004ea-7228-4cf1-a9ab-d0f45f721add
Deputy Clerk

## NOTICES TO PERSONS WITH DISABILITIES

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at Court Administration, Seminole Civil Courthouse, 301 N. Park Ave, Suite N301, Sanford, Florida, 32771-1292, (407) 665-4227 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

Filing # 123695546 E-Filed 03/24/2021 02:58:33 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

ALEXANDER BIRRIEL CONDE,    CASE NO.: 2021CA000806

    Plaintiff,

vs.

HCSG EAST, LLC d/b/a HEALTHCARE
AND REHAB OF SANFORD, a Foreign
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER BIRRIEL CONDE ("Mr. Birriel Conde" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, HCSG EAST, LLC d/b/a HEALTHCARE AND REHAB OF SANFORD ("HCSG" or "Defendant"), a Foreign Limited Liability Company, and states as follows:

1. Plaintiff brings this action for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, declaratory and injunctive relief, his attorneys' fees and costs, and any other damages permitted by law.

## PARTIES

2. Plaintiff is an adult individual who performed services for Defendant in Seminole County, Florida.

3. HCSG is a foreign limited liability company doing business in Seminole County, Florida, and which, Plaintiff, at all times relevant, performed work in Seminole County, Florida.

4. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

5. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

6. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## JURISDICTION AND VENUE

7. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

8. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

9. Mr. Birriel Conde worked for HCSG as a Dining Services Director at its Healthcare and Rehab of Sandford, in Sanford, Florida, from August 9, 2019, until his termination on May 15, 2020.

10. From March 8, 2020, through March 11, 2020, Healthcare and Rehab of Sandford underwent an inspection by the Agency for Healthcare Administration ("AHCA") under the auspices of the Department of Health and Human Services ("HHS").

11. During the course of that inspection, improper dishwashing temperature log techniques were flagged by the auditors as problematic.

12. Mr. Birriel Conde immediately took corrective steps to ensure that the staff would keep the logs timely, accurately, and completely going forward.

13. During, and immediately after, the inspection, HCSG District Manager, Juan Duque, and HCSG Direction of Operations, Tanya Edwards, attempted to coerce Mr. Birriel Conde into signing a fraudulent dishwasher log that they planned to pretend had been placed in the trash by accident.

14. Mr. Birriel Conde refused to participate in this fraudulent activity, and objected to Mr. Duque and Ms. Edwards that HCSG's actions violated, *inter alia*, 42 C.F.R. §483.60, *et seq.*

15. In response to his objection, Ms. Edwards yelled to Plaintiff, "that's a sixty thousand dollar fine that the company cannot afford now, and its your job that is going to be on the line here!"

16. Ms. Edwards went ahead with her scheme, over Plaintiff's objections, and submitted a false dishwasher temperature log to the inspectors.

17. Shortly after Plaintiff's objections, Mr. Duque papered Plaintiff's file and email inbox with a myriad of exaggerated, supposed misdeeds.

18. In late April of 2020, Plaintiff again objected to Mr. Duque that HCSG's actions violated, *inter alia*, 42 C.F.R. §483.60, *et seq.*

19. In reaction to this, Mr. Duque wrote Plaintiff up on May 14, 2020, for allegedly bringing dinners to some residents too early.

20. However, Plaintiff had received permission to do so from the Nursing Supervisors that were on duty on the day in question, which was Mother's Day.

21. The very next day, May 15, 2020, HCSG informed Plaintiff that it had decided to terminate his employment, effective immediately.

22. Defendant terminated Plaintiff's employment because Plaintiff objected to and refused to participate in Defendant's violations of law.

23. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

24. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

25. The individual to whom Plaintiff objected to Defendant's violations of law was a decision-maker in terms of retaliating against Plaintiff by terminating his employment.

26. There is a close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's violations of law and his termination.

27. Plaintiff's objections to and refusals to participate in Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

28. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress.

29. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Birriel Conde as a whistleblower under the law.

30. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

31. Plaintiff was terminated in direct retaliation for reporting, objecting to, and refusing to participate in Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

32. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

34. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-33 of the Complaint as if fully set forth herein.

35. On May 15, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

36. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to and refusing to participate in illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

37. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and was terminated as a direct result of same, which constitutes a violation of the FWA.

38. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 23rd day of March 2021.

Respectfully submitted,

By: /s/*Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*